```
                     UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION


SKYHAWKE TECHNOLOGIES, LLC                                   PLAINTIFF


vs.                               CIVIL ACTION NO. 3:10cv708TSL-RHW


DECA INTERNATIONAL CORP. and
DECA SYSTEM, INC.                                           DEFENDANTS
```

                        MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendant DECA International Corp. to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff Skyhawke Technologies, LLC has responded in opposition to the motion. The court, having considered the memoranda of authorities submitted by the parties, together with additional pertinent authorities, concludes that defendants have waived their objection to improper venue and that the motion to dismiss should therefore be denied.

    DECA International moves to dismiss for improper venue based on the United States Supreme Court's May 22, 2017 decision in <u>TC Heartland LLC v. Kraft Foods Group Brands LLC</u>, – U.S. –, 137 S. Ct. 1514 (2017). As explained in <u>TC Heartland</u>, venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and

established place of business." The Supreme Court earlier held in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S. Ct. 787, 1 L. Ed. 2d 786 (1957), that for purposes of § 1400(b), a domestic corporation "resides" only in its state of incorporation, and in so holding, rejected the argument that § 1400(b) incorporates the broader definition of "residence" in the general venue statute, 28 U .S.C. § 1391(c). TC Heartland, 137 S. Ct. at 1516 (citing Fourco). Since the Court's decision in Fourco, Congress has amended the general venue statute to provide that "[e]xcept as otherwise provided by law" and "[f]or all venue purposes" a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. The Court in TC Heartland concluded that the amendments to § 1391 "did not modify the meaning of § 1400(b) as interpreted in Fourco" and reaffirmed that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." Id. at 1517. In so holding, the court reversed the Federal Circuit's decision in VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (1990), in which the Federal Circuit had held that the 1988 amendment to § 1391(c) established the definition of residence for purposes of § 1400(b). TC Heartland, 137 S. Ct. at 1515.

In its motion to dismiss, DECA International contends that in accordance with the Court's holding in TC Heartland, venue is no longer proper in this district under § 1400(b) since its state of incorporation is California, and since it has no regular and established place of business in Mississippi.  Skyhawke opposes the motion, contending, among other things, that DECA International has waived its objection to improper venue by failing to raise an objection to venue in any responsive pleading or by timely motion.  See Fed. R. Civ. P. 12(h)(1) (defendant waives defense of improper venue by failing to make a timely motion under Rule 12; by failing to object in a responsive pleading; or by making a motion under Federal Rule of Civil Procedure 12 without objecting to venue).  DECA International did not raise an objection to improper venue in any responsive pleading or by a Rule 12 motion.  On the contrary, evidently in reliance on the Federal Circuit's ruling in VE Holding, it admitted venue was proper in this district.  Nevertheless, it now contends that TC Heartland excuses its waiver because the Supreme Court decision in TC Heartland effectively recognized a new defense that was not previously available and consequently could not have been raised.  The court is not persuaded.

By far, the majority of courts that have considered this same argument have rejected it, finding that TC Heartland was not an

3

intervening change in the law and hence does not excuse a defendant's waiver of its defense of improper venue.[1] These authorities have addressed and rejected every argument DECA International has made on this issue,[2] and this court, having considered these authorities, finds their reasoning and conclusions sound. See Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("TC Heartland does not qualify for the intervening law exception to waiver because it merely affirms the viability of Fourco."); Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) ("[T]he Supreme Court's decision in TC Heartland does not qualify [as a change in law]" and does not exempt defendant for its waiver of the venue defense); Chamberlain Group, Inc. v. Techtronic

---

[1] Skyhawke contends the Fifth Circuit has not recognized an exception to waiver based on an intervening change in the law. The court need not consider this issue as it concludes there has been no intervening change in the law.

[2] DECA International makes one argument that these cases may not have addressed, which is that Skyhawke has indicated its intention to file an amended complaint, which will allow DECA International to raise a venue defense. Skyhawke points out that at this time, it has filed no such amended pleading so that this issue is not ripe for decision at this time. It further points out that even under the authorities cited by DECA International, unless it files an amended pleading which greatly expands or changes the factual allegations and/or scope of the case – which it does not intend to do – the waived venue defense cannot be revived.

4

Industries Co. et al., No. 1:16-cv-6097, at *3 (N.D. Ill. June 28, 2017) ("[T]he Court follows Elbit and Cobalt Boats ... in finding that TC Heartland did not represent a change in the law that would excuse waiver under these circumstances."); iLife Techs. Inc. v. Nintendo of America, Inc., No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("TC Heartland does not qualify as an intervening change in law."); Amax, Inc. v. ACCO Brands Corp., No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("[D]efendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."); Infogation Corp. v. HTC Corp., No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in TC Heartland does not excuse Defendants' waiver as to venue in this District."); Navico, Inc. v. Garmin Int'l, Inc., No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[B]ecause TC Heartland does not qualify as an intervening change of law, this waiver is not excused."); Reebok Intl Ltd., No. 3:16-CV-1618-SI, 2017 WL 3016034, at *4 (D. Or. July 14, 2017) ("The Court ... agrees with the reasoning and analyses of the several district court cases finding that TC Heartland does not serve as an intervening change in the law negating Defendants' waiver of the defense of improper venue").

Therefore, based on the foregoing, it is ordered that DECA International's motion to dismiss for improper venue is denied.[3]

SO ORDERED this 20th day of July, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE Rule

---

[3] There is also pending a motion by defendant DECA System, Inc. to dismiss for lack of personal jurisdiction. That motion will be addressed by separate order.